___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

UNITED STATES DISTRICT COURT
__Northern__ DISTRICT OF __Maryland__

MAR 22 2022

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

United States of America

vs.

Ashley Grossman
Defendant

Case number: __CCB-18-0348__

## MOTION FOR RECONSIDERATION 18 U.S.C 3742 (e) POST SENTENCING REHABILATION PROGRAMMING

COMES NOW, the Defendant, __Ashley Grossman__, request a reduction of sentence pursuant 18 U.S.C 3742 (e) post sentencing rehabilitation.

The defendant has been incarcerated at the Federal Correctional Institution since __August 29, 2019__, and during that time she received __11__ certificates. (Please see attached progress report.)

Pursuant to 18 U.S.C. 3742 (e) the defendant could be considered for a reduction of sentence; per Pepper v. United States, Supreme Court, 131 S. Ct. 1229; 179 L.Ed 2d 196, 2011 U.S. Lexis 1902; argued December 6, 2010, decided March 2, 2011.

The downward variance was based on Pepper's lack of history of violence and Pepper's Post-Sentencing Rehabilitation; as also with US v. Booker, Supreme Court 160 L Ed.2d 621, 1255 S. Ct. 736 (2005), 18 USC 3742 (e); Gall v. United States 552 U.S. 38, 1285 S. Ct. 586; 169 L Ed.2d 445, 2007 Lexis 13083 argued October 2, 2007, decided December 10, 2007

An Inmate Terrie L. Burns v. United States (4th Cir) July 16, 2012 received a 30 month sentence reduction for programming at Alderson Prison Camp.

A sentencing reduction based on post conviction rehabilitation can hardly be said to be inconsistent with the policies underlying an award of good time credit under 18 USC 3624(b) because the two serve distinctly different interests. An award of good time credit by the Bureau of Prison (BOP) does not affect the length of court imposed sentence,

rather, it is an administrative reward to provide an incentive for prisoners to comply with institutional disciplinary regulations. Such credits may be revoked at any time before the date of a prisoner's release. 18 USC 3624 (b) (2)

In contrast, a court's imposition of a reduced sentence based on post sentencing rehabilitation changes the very terms of imprisonment and recognizes that the defendant's conduct since his initial sentencing warrants less severe criminal punishment. Once imposed, a sentence may be modified only in very limited circumstances 18 USC 3582 (c). Instead, the difference between the two is reflected most obviously in the fact that the BOP has no authority to award good time credit where the defendant's good behavior occurs after a sentence has already been served.

Wherefore, defendant humbly asks this Honorable Court to accept her certificates for programming and grant a reduction of sentence based on the foregoing.

Respectfully Submitted,