# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KENNETH GROSSMAN, *et al.* | Case No. 18-cr-348-ABA |

## MEMORANDUM OPINION AND ORDER

The indictments in this case charged nine individuals with participation in a drug conspiracy that operated in the German Park area of Baltimore, Maryland, selling fentanyl, heroin, and cocaine. All defendants pled guilty, and were sentenced by U.S. District Judge Catherine C. Blake between March and November 2019. Five of those defendants have filed motions to reduce their sentences. For the following reasons, the Court will deny all of the pending sentence reduction motions.

**I.    Legal Standard**

Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, "is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Relevant here are 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," and § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if such reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

1

**II.     Kenneth Grossman's motions (ECF Nos. 362 and 376)**

In his plea agreement, Kenneth Grossman stipulated to having conspired with others, between January 2017 and July 2018, to distribute 400 grams or more of fentanyl, 100 grams or more of heroin, and an unspecified amount of cocaine, as part of the "Young Finesse Kings" group that operated in German Park. ECF No. 196 at 10. He also stipulated that on April 11, 2018, after learning that someone had attempted to shoot co-defendant Knowledge Sharpe, Grossman and Sharpe coordinated a group of six men, carrying six firearms and a backpack full of ammunition, to retaliate for the shooting. *Id.* at 11–12.

On July 16, 2019, Mr. Grossman pled guilty to Count 1 of the Superseding Indictment, charging him with conspiring to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. 195. He executed a written plea agreement under Rule 11(c)(1)(C) in which the parties agreed to recommend a sentence between 168 and 210 months in prison. ECF No. 196 at 5 ¶ 9.

His sentencing was held on October 18, 2019. The government requested a sentence of 210 months. ECF No. 242 at 1. Mr. Grossman requested a sentence of 168 months, the bottom end of the agreed-upon range. ECF No. 239 at 2. Judge Blake adopted the c-plea range and imposed a sentence of 168 months, the bottom of the c-plea range. ECF No. 257. This case was transferred to the undersigned after Judge Blake's retirement in December 2024.

**A.     Amendment 821 motion**

Mr. Grossman has filed a motion stating, "I would like to file a Reduction of Sentencing based on Amendment 821, USSG, to limit the impact of the use of the status points on my criminal history category." ECF No. 376. Under 18 U.S.C. § 3582(c)(2), a

2

defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *See Dillon v. United States*, 560 U.S. 817, 826 (2010)). "One such retroactive amendment is Amendment 821 to the Sentencing Guidelines." *United States v. Gary*, Case No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). Amendment 821, which the Sentencing Commission adopted in 2023 with retroactive application, "limits the impact of 'status points' under [U.S.S.G.] § 4A1.1." *United States v. Barrett*, 133 F.4th 280, 281 (4th Cir. 2025) (citing U.S.S.G. Supp. to App. C, amend. 821, part A, at 240–41 (U.S. Sent'g Comm'n 2023)). Before the amendment, defendants who "committed their instant offenses while on probation or under some other criminal justice sentence" received two criminal history points. *Id.* at 282. "Under Amendment 821, that number dropped to one or to zero, depending on the defendant's criminal history." *Id.* at 282–83.

Because Amendment 821 has retroactive effect, "a previously sentenced defendant whose Guideline range is lowered by the amendment may seek a sentence reduction under 18 U.S.C. § 3582(c)(2)." *Id.* at 283. "A § 3582(c)(2) sentence reduction is discretionary, and it must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). The Sentencing Commission has instructed courts considering sentence reductions based on retroactive Guidelines amendments as follows:

> In determining whether, and to what extent, a reduction . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive amendment] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the [retroactive amendment] for the corresponding guideline provisions that were applied

3

> when the defendant was sentenced and shall leave all other
> guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

As laid out in the presentence investigation report (ECF No. 238), Mr. Grossman had a substantial criminal history before he committed the offense for which he is currently serving a sentence. ECF No. 238 at 9–13. His prior criminal convictions resulted in a subtotal criminal history score of 8. *Id.* at 13 ¶ 37. Because Mr. Grossman committed the instant offense while on parole supervision in two other cases, two points were added to his criminal history score, resulting in a total criminal history score of 10. *Id.* at 13 ¶¶ 38–39. Amendment 821 did affect that calculation: under Amendment 821, rather than adding 2 points based on Mr. Grossman having committed the offense while on parole supervision, only 1 point would have been added. *See* U.S.S.C. § 4A1.1(e). Under the Guidelines that governed Mr. Grossman's sentencing, a criminal history score of 9 rather than 10 would have moved Mr. Grossman from Criminal History Category V to Criminal History Category IV. Based on the stipulated offense level of 34, *see* ECF no. 196 at 5 (¶ 6.b), the Guidelines Range would have been 210 to 262 months, instead of 235 to 293 months. *See* U.S.S.G. Manual (2018) at 407 (Sentencing Table).

But this change does not entitle Mr. Grossman to sentencing relief. The parties' stipulated c-plea range of 168 to 210 months was below even that lower range, and the term of imprisonment that Judge Blake imposed (168 months) was well below the bottom of both ranges. For these reasons, Mr. Grossman has not shown an entitlement to a sentence reduction based on Amendment 821. *See also, e.g.*, *Gary*, 2024 WL 1641007, at *2 ("Because Gary's current sentence is below the guidelines range he would

4

receive even after giving him the full benefit of Amendment 821, he is not entitled to a sentence reduction under § 3582(c)(2).").

B.     **Compassionate release motion**

Despite having been sentenced to the period of incarceration he requested at sentencing, Mr. Grossman has also filed a motion for compassionate release pursuant to the U.S. Sentencing Guidelines § 1B1.13, which is the U.S. Sentencing Commission's "Compassionate Release" policy statement, and has requested appointment of counsel. ECF No. 362. He describes that motion as arising under "the 814 amendment U.S.S.G." *Id*. Amendment 814 to the Sentencing Guidelines was the Sentencing Commission's amendment of § 1B1.13 to implement the First Step Act of 2018. Accordingly, Mr. Grossman's motion constitutes a request that the Court find that there are "extraordinary and compelling reasons" for reducing his sentence. *See* U.S.S.G. § 1B1.13(a)(1)(A). Under 18 U.S.C. § 3582, a court in its discretion may reduce a term of imprisonment after it has (1) considered the § 3553(a) factors for imposing a sentence, (2) found that "extraordinary and compelling reasons warrant such a reduction," and (3) found that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021) ("[U]nder the statute, a defendant becomes *eligible* for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'").

The Court has reviewed Mr. Grossman's plea agreement (ECF No. 196), the presentence investigation report (ECF No. 238), the sentencing memoranda filed by Mr. Grossman and the government (ECF Nos. 239 & 242), and Judge Blake's opinion

5

denying Mr. Grossman's earlier motion to vacate filed under 28 U.S.S.C. § 2255 (ECF No. 364). Mr. Grossman has not identified any extraordinary and compelling reasons for reducing his sentence. In his agreement, which as noted above was a "c-plea" pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Grossman "stipulate[d] and agree[d] pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence in the range of 168 months to 210 months in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a)." ECF No. 196 at 5. Judge Blake sentenced Mr. Grossman to the very bottom of the agreed-upon range. A sentence below the agreed-upon range would have entitled the government to withdraw from its obligations under the plea agreement. Fed. Crim. P. 11(c)(1)(C). In short, the § 3553(a) factors do not support reducing Mr. Grossman's sentence.

### III.  Ashley Grossman's motion (ECF No. 356)

Ashley Grossman is Kenneth Grossman's sister. Like Mr. Grossman, she pled guilty to Count 1 of the Superseding Indictment, for conspiring to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. 131 (plea agreement). In her plea agreement under Rule 11(c)(1)(C), the parties agreed to recommend a sentence between 135 and 168 months in prison. *Id.* at 5 ¶ 9. At sentencing, Ms. Grossman requested a sentence at the bottom end of that range, ECF No. 172 at 6, which Judge Blake granted, imposing a sentence of 135 months' incarceration. ECF No. 178. Ms. Grossman appealed, but the Fourth Circuit dismissed her notice of appeal as untimely. ECF No. 283. Since then, she has filed a motion seeking reduction of her sentence pursuant to Amendment 821. ECF No. 356

6

(contending that she "qualifies for the reduction due to the fact she was given criminal history points for being on probation").

As laid out in Ms. Grossman's presentence investigation report, Ms. Grossman's criminal history (a 2014 conviction for possession with intent to distribute heroin, and a 2016 conviction for possession with intent to distribute heroin and failure to remain at scene) resulted in a subtotal criminal history score of 2. ECF No. 177 at 11 ¶ 31. Because Ms. Grossman committed the instant offense while serving her sentence on the 2016 conviction, 2 points were added to her criminal history score, increasing her score to 4. *Id*. at 11 ¶ 33. The parties also agreed that her criminal history category was Category III. ECF No. 131 at 4 ¶ 7.a. Because of her two prior convictions, she also qualified as a "career criminal," resulting in a criminal history category of IV. ECF No. 177 at 11 ¶ 34. But the government agreed that the effect of the career offender Guidelines "perhaps overstate the extent of Grossman's criminal history" including because the prior convictions "resulted in probation and an almost entirely suspended sentence." ECF No. 174 at 3.

Following Amendment 821, the fact that the instant offense was committed while under a criminal justice sentence would have increased her criminal score by 1 point rather than 2 points. The parties agreed that Ms. Grossman's adjusted offense level was 34. ECF No. 131 at 4 ¶ 7.a. In the absence of the career offender adjustment, that would have moved Ms. Grossman's criminal history category from III to II. For offense level 34, that would have changed her Guidelines range from a range of 188–235 months to a range of 168–210 months. U.S.S.G. Manual (2018) at 407 (Sentencing Table). The parties' stipulated c-plea range of 128 to 168 months was below even that lower range, and the term of imprisonment that Judge Blake imposed (135 months) was well below

7

the bottom of both ranges. For these reasons, Ms. Grossman has not shown an entitlement to a sentence reduction based on Amendment 821.

## IV.    Anthony Whitaker's motions (ECF Nos. 346, 367)

Anthony Whitaker pled guilty to Count 1 of the Superseding Indictment, for Conspiracy to Distribute controlled dangerous substances, in violation of 21 U.S.C. § 846. ECF No. 168 (plea agreement). In his plea agreement under Rule 11(c)(1)(C), the parties agreed to recommend a sentence between 120 and 168 months in prison. *Id.* at 5 ¶ 9. At sentencing, Mr. Whitaker requested a sentence at the bottom end of that range (120 months), ECF No. 200 at 1, and the government requested a sentence at the top of that range (168 months). ECF No. 204 at 1. Judge Blake imposed a sentence of 156 months' incarceration. ECF No. 210 at 1.

Mr. Whitaker has submitted a motion seeking reduction of his sentence pursuant to Amendment 821 (ECF No. 367) and a motion for compassionate release (ECF No. 346). Mr. Whitaker has also filed a petition for habeas corpus (ECF No. 388), which the Court will address in a separate order.

### A.    Amendment 821 motion

In his motion for a sentence reduction pursuant to Amendment 821, Mr. Whitaker contends that following the amendment, the top of his Guidelines range would have been below the sentence he received. ECF No. 367 at 5.

As laid out in the presentence investigation report, Mr. Whitaker's criminal history resulted in a subtotal criminal history score of 4. ECF No. 183 at 11 ¶ 36. Because Mr. Whitaker committed the instant offense while serving a sentence for a prior conviction, 2 points were added to his criminal history score, increasing the total criminal history score to 6. *Id.* at 11 ¶ 38. This resulted in a criminal history category of

8

III. *Id.* His total offense level was 31. *Id.* at 7 ¶ 26. Under the Guidelines in effect at the time of his sentencing, the Guidelines range was 135–168 months. U.S.S.G. Manual (2018) at 407 (Sentencing Table).

The amendments to U.S.S.G. § 4A1.1(e) would not have changed Mr. Whitaker's Guidelines range. Following Amendment 821, the fact that the offense was committed while under a criminal justice sentence would have increased Mr. Whitaker's criminal score by 1 rather than 2 points, resulting in an overall criminal history score of 5. *See* U.S.S.G. § 4A1.1(e). Under the version of the Guidelines that governed Mr. Whitaker's sentencing, a criminal history *score* of 5 would still have resulted in a criminal history *category* of III. U.S.S.G. Manual (2018) at 407 (Sentencing Table). His Guidelines range of 135–168 months would thus have been the same even with a retroactive decrease to his criminal history points. Mr. Whitaker has not shown an entitlement to a sentence reduction based on Amendment 821.

### B.     Compassionate release motion

Mr. Whitaker also seeks a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c). He argues that extraordinary and compelling circumstances exist to reduce his sentence because the sentencing court "failed to make a determination of a specific drug quantity." ECF No. 346 at 7. Mr. Whitaker contends that this alleged failure led to a 144-month increase in the top of his Guidelines range. *Id.* at 8–9.

As an initial matter, the Court will assume without deciding that Mr. Whitaker has satisfied the administrative exhaustion requirement. The compassionate release statute requires defendants to first bring a motion to the BOP before filing in court. 18 U.S.C. § 3582(c)(1)(A). Mr. Whitaker attached two documents to his motion as proof of

9

exhaustion: (1) an "inmate request to staff" form addressed to "Counselor/Case Manager" and (2) an email to "D Unit Team" and "Fortman." ECF No. 346-1 at 2–3. The government contends that BOP has no record of receiving a request for compassionate relief. ECF No. 351 at 7–8. Mr. Whitaker's reply, ECF No. 354, largely restates the government's argument without clarifying matters. The Court will assume without deciding that Mr. Whitaker's attachments properly exhausted his motion, because the motion is nonetheless without merit.

    Mr. Whitaker's assertion that his sentence should not have been calculated based on a drug quantity of 400 grams or more of fentanyl, ECF No. 346 at 8, runs headlong into Mr. Whitaker's own agreement and stipulation in connection with his plea agreement that "it was reasonably foreseeable to him that members of the conspiracy would distribute 400 grams or more of fentanyl, 100 grams or more of heroin, and cocaine." ECF No. 168 at 10. "[A]bsent a successful withdrawal from a plea agreement or other very exceptional circumstances, a defendant remains bound by the factual stipulations in his plea agreement once the plea has been accepted by the district court." *United States v. Yooho Weon*, 722 F.3d 583, 588–89 (4th Cir. 2013). Moreover, the presentence investigation report notes the same drug quantities. ECF No. 183 at 6 ¶ 11. At the sentencing hearing, Mr. Whitaker, through counsel, did not request any changes or corrections to the presentence investigation report. ECF 346-1 at 8. Judge Blake stated on the record, "We're starting at an offense level of 30 because this involved more than 400 grams of fentanyl" and subsequently confirmed this with Mr. Whitaker's counsel. ECF No. 346-1 at 9. The sentencing court thus clearly stated a specific quantity of drugs, and it was the same quantity of drugs that Mr. Whitaker agreed to in his signed plea agreement and did not contest in the presentence investigation report. Mr.

10

Whitaker has not established that Judge Blake's adoption of the stipulated drug quantity to calculate the applicable Guidelines range creates an extraordinary and compelling reason to reduce his sentence.

Additionally, Mr. Whitaker has not established any other extraordinary and compelling reasons for reducing his sentence. The Court has reviewed Mr. Whitaker's plea agreement (ECF No. 168), the presentence investigation report (ECF No. 183), and the sentencing memoranda filed by Mr. Whitaker and the government (ECF Nos. 200, 204). In his signed plea agreement, Mr. Whitaker "stipulate[d] and agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence in the range of 120 months to 168 months in the custody of the [BOP] is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a)." ECF No. 168 at 5 ¶ 9. He received a sentence of 156 months, which was within the stipulated range.

## V.     Knowledge Sharpe's motions (ECF Nos. 289, 378)

Knowledge Sharpe pled guilty to Count 1 of the Superseding Indictment in case 18-cr-348, for conspiracy to distribute controlled dangerous substances, in violation of 21 U.S.C. § 846, and Count 1 of the Indictment in case 19-cr-195, for assault of an officer or employee of the United States while that officer was engaged in the performance of official duties, in violation of 18 U.S.C. § 111. ECF No. 190 (plea agreement) at 1. In his plea agreement, under Rule 11(c)(1)(C), the parties agreed to recommend a sentence between 128 and 168 months for the 18-cr-348 conviction, and a consecutive 6 months for the 19-cr-195 conviction, meaning the aggregate c-plea range was 134 to 174 months' imprisonment. *Id.* at 6 ¶ 8. This was above the Guidelines range of 120–135 months.

ECF No. 222 at 19. The defense requested a sentence of 134 months' imprisonment. *United States v. Sharpe, et al.*, Case No. 19-cr-195, ECF No. 24. The government requested a sentence of 174 months. *United States v. Grossman, et al.*, Case No. 18-cr-348, ECF No. 235 at 1. At sentencing, Judge Blake imposed a sentence of 144 months' incarceration. ECF No. 246 at 1.

### A.     Amendment 821 motion

Mr. Sharpe filed a short motion for a reduction of sentence pursuant to Amendment 821, stating that he was "just turning 18" prior to his arrest and that he has "no record other than this case." ECF No. 378 at 1.

Part B of Amendment 821 created a potential 2-point offense level decrease for "Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. The adjustment applies to defendants that meet eleven criteria. *Id.* § 4C1.1(a). The first of these criteria is that "the defendant did not receive any criminal history points from Chapter Four, Part A." *Id.* § 4C1.1(a)(1). To be eligible for the adjustment, the defendant must also not have "possess[ed] . . . a firearm . . . in connection with the offense" or "use[d] violence or credible threats of violence in connection with the offense." *Id.* § 4C1.1(a)(3), (7).

Mr. Sharpe is ineligible because he cannot meet any of these three criteria. As laid out in Mr. Sharpe's presentence investigation report, he had no adult criminal convictions. ECF No. 222 at 11 ¶ 44. He did, however, have a pending juvenile charge, which added one criminal history point under Chapter Four, Part A of the Guidelines. *Id.* at 10 ¶ 43. Mr. Sharpe also received offense level increases for possessing a firearm as well as for using violence or making a credible threat to use violence. *Id.* at 8 ¶¶ 20–21. Although Mr. Sharpe challenged the determination that he committed or threatened violence, he did not appear to challenge the enhancement for possessing a weapon or his

12

single criminal history point. *Sharpe*, ECF No. 24 at 2–3. The Court adopted the presentence investigation findings at sentencing without change, including the Guidelines calculation. ECF No. 247 at 1.

Because Mr. Sharpe was ineligible for the "Zero-Point Offender" reduction under the criteria in U.S.S.G. § 4C1.1(a), Amendment 821 would not have altered his Guidelines range. His motion for a reduced sentence based on Amendment 821 is denied.

### B. Compassionate release motion

In July 2020, Mr. Sharpe filed motions in both cases (18-cr-348 and 19-cr-195) for early release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Sharpe* ECF No. 45; *Grossman* ECF No. 289. His motion was related to the COVID-19 pandemic and requested that his sentence be reduced to home confinement. *Id.* at 1. Mr. Sharpe contended that he was at increased risk from the pandemic due to several health issues, namely "Chronic Asthma with only one lung, and a weak immune system due to 11 different surgeries and 13 gunshot wounds." *Id.*

Judge Blake denied the motion in August 2020, without prejudice. *Sharpe* ECF No. 48. Judge Blake explained as follows:

> Sharpe argues he is eligible for compassionate release due to his underlying health conditions (chronic asthma with only one lung and a weak immune system), which he asserts place him at high risk of serious illness related to COVID-19. But Sharpe does not provide medical records or other documentation supporting his claim of underlying conditions, nor does he provide any evidence that he has presented his claim to the Bureau of Prisons as required for administrative exhaustion. The court is thus without sufficient evidence to consider Sharpe's motion. Accordingly, Sharpe's request for

early release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF 45),
is DENIED WITHOUT PREJUDICE.

*Id.*

That August 2020 order was docketed in 19-cr-195 but not in 18-cr-348. But Mr. Sharpe's compassionate release motions in both cases were identical. *Compare Sharpe* ECF No. 45, *with Grossman* ECF No. 289. Mr. Sharpe did not renew his compassionate release motion in either case. Accordingly, for the same reasons stated in *Sharpe* ECF No. 48, the compassionate release motion that Mr. Sharpe filed in *Grossman* (*Grossman* ECF No. 289) will be denied without prejudice.

## VI.    Quaran Smoot's motion (ECF No. 358)

Quaran Smoot[1] pled guilty to Count 3 of the Superseding Indictment, for Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). ECF No. 259. The parties did not enter into a written plea agreement, as Mr. Smoot and the government disagreed about the appropriate offense level. The government argued that either a cross-reference for conspiracy to commit murder or an enhancement related to the number of firearms should apply, and requested a 108-month sentence. ECF No. 241 at 1. Mr. Smoot requested a sentence of 15 months. ECF No. 245 at 2. After an evidentiary hearing related to the Guidelines disagreement, ECF No. 234, and further argument at the sentencing hearing, ECF 383-2, Judge Blake found that the offense level was 15 and the criminal history category was V, leading to a Guidelines range of 37–46 months. ECF 383-2 at 53–54. After considering the factors under § 3553(a), the

---

[1] Mr. Smoot was indicted and convicted under the name "Quran Smoot," but in his *pro se* motion refers to himself as "Quaran Smoot." The Court will use "Quaran," which appears to reflect Mr. Smoot's preference.

Court imposed an above-Guidelines sentence of 84 months' incarceration. ECF No. 259 at 2.

Mr. Smoot filed a motion for sentence reduction under the compassionate release statute. ECF No. 358. He contends that he is "eligible for the new Amendment 821 criminal history category sentence reduction" and also that he "would like to challenge [his] prior . . . youth convictions under the new sentencing guidelines." *Id.* at 5. Mr. Smoot also argues that his conviction should have been voided under *Rehaif v. United States*, 588 U.S. 225 (2019), because the government did not sufficiently show his knowledge of his prohibited status.

Upon review of the amended presentence investigation report (ECF No. 256), the sentencing memoranda filed by the government and Mr. Sharpe (ECF Nos. 241, 245, 248, 249) and the transcripts of the rearraignment and sentencing hearing (ECF Nos. 383-1, 383-2), Mr. Sharpe has not established any basis for reducing his sentence.

Regarding the Amendment 821 challenge, Mr. Smoot's argument is without merit because, among other reasons, the amendment would not have affected his Guidelines calculation. Based upon one adult conviction and several juvenile offenses, the presentence investigation report calculated a subtotal criminal history score of 9. ECF No. 256 at 9 ¶ 32. Because Mr. Smoot committed the instant offense while under a criminal justice sentence, 2 points were added, bringing his total criminal history score to 11. *Id.* at 9 ¶ 34. Had the Amendment 821 reform been in effect, Mr. Smoot would only have had 1 point added instead of 2, for a criminal history score of 10. But this would not have altered Mr. Smoot's criminal history *category*, which would have still been category V with a criminal history score of 10. U.S.S.G. Manual (2018) at 407 (Sentencing Table). Mr. Smoot's Amendment 821 challenge is not successful.

15

Mr. Smoot also refers to "challeng[ing]" his "youth convictions under the new sentencing guidelines" in his motion, but he does not point to any specific reform that would apply to alter his sentence. At the time of his sentencing, Mr. Smoot did not challenge his criminal history score, which as noted above resulted in a criminal history category V, and his sentencing memorandum assumed the same category. ECF No. 245 at 2. It is possible that Mr. Smoot is referring to the amended U.S.S.G. § 5H1.1, which was updated in November 2024 (pursuant to Amendment 829) to encourage consideration of downward sentencing departures related to a defendant's youthfulness. *See also United States v. Ramsay*, 538 F. Supp. 3d 407, 414–424 (S.D.N.Y. 2021) (outlining the importance of considering youth in sentencing). To the extent Mr. Smoot intended to make this argument, that amendment does not form an extraordinary and compelling reason to grant relief. Among other reasons, Judge Blake already positively considered Mr. Smoot's age in determining his sentence. ECF No. 382-2 at 55 ("In his favor, obviously, is the acceptance of responsibility and the fact that he is young."), 56 ("I believe [the sentence] is sufficient to recognize what I've just said about the seriousness of the crime and the need to protect the public and deter Mr. Smoot, yet takes into account his personal circumstances and his youth and what I hope will be a plan to do better for himself and take advantage of the programs in the [BOP] and do better when he comes out."). Because Judge Blake already took Mr. Smoot's age into account when determining his sentence, the Court will not grant relief on this basis either.

The *Rehaif* arguments also fail. Mr. Smoot contends that the government "failed to present evidence at trial proving that the defendant knew of his prohibited state at the time he possessed a firearm," as required by *Rehaif*. ECF No. 358 at 7. But Mr. Smoot

did not have a trial—he pled guilty. At the July 15, 2019, rearraignment, Judge Blake told Mr. Smoot that if the case went to trial, the government "would . . . have to show that before April 11th of 2018, you had been convicted of a crime punishable by more than a year in prison and that you knew you had been convicted of a crime punishable by more than a year in prison and your civil rights had not been restored." ECF No. 383-1 at 5. Judge Blake then asked Mr. Smoot "[d]o you understand that's what the Government would have to prove if the case went to trial on Count 3?" to which Mr. Smoot replied "[y]es, ma'am." *Id.* at 6. Further, *Rehaif* was decided June 21, 2019, prior to Mr. Smoot's July 15, 2019 rearraignment. 588 U.S. 225. In accordance with the Supreme Court's guidance, Judge Blake properly confirmed, and Mr. Smoot admitted, that he "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 588 U.S. at 237. Accordingly, Mr. Smoot's argument for relief on *mens rea* grounds is also denied.

## VII. Conclusion and Order

For the reasons discussed above, the Court hereby ORDERS as follows:

1. Kenneth Grossman's motions to reduce his sentence and accompanying request for appointment of counsel (ECF Nos. 362 and 376) are DENIED;

2. Ashley Grossman's motion for a sentence reduction (ECF No. 356) is DENIED;

3. Anthony Whitaker's motions to reduce his sentence (ECF Nos. 346 and 367) are DENIED;

4. Knowledge Sharpe's motions to reduce his sentence (ECF Nos. 289 and 378) are DENIED; and

5. Quaran Smoot's motion to reduce his sentence (ECF No. 358) is DENIED.

Date:  November 12, 2025

                /s/
Adam B. Abelson
United States District Judge